## LEANDER DOWNES, ET AL., *v.* COMMONWEALTH.

**Criminal Law—Indictment—Unlawful Assembly.**

> It is necessary to state in an indictment the acts constituting the offense, and not mere conclusions of the pleader, and to charge an unlawful assembly it was necessary to allege that the parties charged assembled with the intention to aid each other, and to charge the thing intended to be done so that the court might judge whether it was unlawful.

### APPEAL FROM CLINTON CIRCUIT COURT.

September 7, 1876.

OPINION BY JUDGE COFER:

The indictment does not state facts constituting a public offense. It is charged that the defendants unlawfully assembled and tumultuously disturbed the public peace, not having any avowed, ostensible, legal or constitutional object, and were assembled under such circumstances and deported themselves in such manner as to produce danger to the public peace and tranquillity, and that their acts and deportment excited terror, alarm and consternation in the neighborhood.

It is necessary to state in an indictment the acts constituting the offense. Sec. 121, Crim. Code. Whether the defendants unlawfully assembled must depend upon the question whether they assembled with the intention to assist each other in the execution of some unlawful enterprise; and in order that the court may judge whether there was an unlawful assembly it was necessary to allege that they assembled with the intention to aid each other; and the thing intended to be done should have been stated, that the court might judge whether it was unlawful. Several persons may lawfully assemble to aid each other unless the enterprise be an unlawful one;

and unless it be stated what the enterprise was, the court cannot know that it was unlawful.

That the defendants assembled under such circumstances, and deported themselves in such manner as to endanger the public peace, does not show that their assembly was unlawful. Nor does the fact that their acts excited terror and alarm necessarily show an infraction of law, much less an unlawful assembly. Persons may and do often assemble under circumstances endangering the public peace, but they are not therefore necessarily guilty of the offense of an unlawful assembly.

The indictment failing to state that the defendants assembled for an unlawful purpose and what that purpose was, is not good as an indictment for an unlawful assembly; and failing to state the acts done which caused terror and alarm, it is not good as an indictment for a breach of the public peace.

Judgment *reversed*, and cause remanded with directions to arrest the judgment.

*J. A. Brents, for appellants. Moss, for appellee.*